## IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Howard P. HILDEN, Attorney at Law.

Supreme Court

*No. 87–1877–D. Filed March 10, 1988.*

(Also reported in 420 N.W.2d 51.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

The referee has recommended that the license of Howard P. Hilden to practice law in Wisconsin be

47

suspended for a period of four months as discipline for misconduct consisting of his having continued to practice law following his suspension from membership in the State Bar association for nonpayment of dues and his failure to respond to requests from the Board of Attorneys Professional Responsibility (Board) for information in the course of its investigation into this matter. Attorney Hilden was admitted to practice law in Wisconsin in 1954 and practices in Winter. He was twice the subject of disciplinary proceedings, receiving a private reprimand from the Board in 1982 and a public reprimand from the Board in 1985, each for his neglect of probate matters. The referee in this proceeding is the Honorable Rodney Lee Young, reserve judge.

While there was no evidence that his continuing to practice law following suspension from membership in the State Bar caused any injury to his clients, Attorney Hilden knowingly violated our rules establishing association membership as a condition precedent to the right to practice law, SCR 10.01(1), and prohibiting anyone other than an enrolled active member of the State Bar to practice law or purport to be authorized or qualified to practice law in the state, SCR 10.03(4). That, coupled with his failure to respond to the Board in its investigation of his conduct, warrants the suspension of his license to practice law for the period recommended by the referee.

It was undisputed that Attorney Hilden was suspended from membership in the State Bar for failure to pay association dues for the year 1982 and subsequent years. He continued to practice law and make court appearances, even after the Board had notified him it was investigating the matter. In the

course of that investigation, he did not respond to three letters of inquiry from the Board but did respond to a fourth.

The referee concluded that Attorney Hilden violated a rule of the Code of Professional Responsibility, SCR 20.18(2)(1986), which prohibits a lawyer from practicing law in a jurisdiction "where to do so would be in violation of regulations of the profession in that jurisdiction," and that by holding himself out to clients and the courts as an attorney licensed to practice law, he engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20.04(4)(1986). The referee also concluded that Attorney Hilden's failure to respond to the Board violated SCR 21.03(4) and 22.07(2).

In addition to the four-month license suspension for misconduct, the referee recommended that Attorney Hilden be required to fully comply with all reinstatement requirements, including making application to the court, paying all unpaid dues and complying with applicable continuing legal education requirements. As these requirements are established by rule, it is unnecessary to make them a part of our order in this proceeding.

IT IS ORDERED that the license of Howard P. Hilden to practice law in Wisconsin is suspended for a period of four months, commencing April 4, 1988.

IT IS FURTHER ORDERED that within 60 days of the date of this order Howard P. Hilden pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing of his inability to pay the costs within that time, the license of Howard P. Hilden to

practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Howard P. Hilden comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.